HaNLY, J.
The bill is filed by the widow of Amos Plott, demanding settlement of her husband’s estate_. «The executor seems to be desirous of making a settlement *92 but they entertain conflicting views of tbe disposition which has been made of certain property ; and the case is brought to this Court to obtain a construction of the will.
. In the fifth clause of his will, thé testator gives .to his wife “ all my farming utensils of every description, to-, gether with my steel traps and guns, that are not otherwise disposed of.” And the question is, whether a wagon used On the farm, and blacksmith’s tools used in. the same .way generally, and occasionally in working for neighbors, are embraced in the act ? In looking into-the will, we find these articles are not “otherwise disposed of ” either specifically, or by such general terms as could possibly pass them. There is no' residuary clause; so that if the-articles in question, are not embraced in tha clause under-consideration, there must be an intestacy as 'to them.
A person who undertakes to dispose of his property by •will, is presumed to intend a complete disposition, unless the contrary be manifest. Without, therefore, deciding the force and effect “ ex vi termini,” of the words “farm” ing utensils,” or. the extent of their application in other connections’or cases, we think in this they embrace the wagon and smith’s tools. The words are, at any rate, not of such import as to overrule a manifest intent. And the intent must therefore determine the application. This point seems to have been under consideration in the construction of the will of James P. Doggett, Elliot vs. Posten, 4 Jones’ Eq., 433, where it was. decided that a wagon would pass under the term “ farming -utensils,” nothing appearing to show «.different intent.
- In the sixth clause he gives to his wife “ all my present stock of hogs, or that I may have at the time of my death, together with their increase.” It seems'that amongst- *93 bis lot of-hogs were a number which had belonged to testator’s son, Vernon Plott, then deceased. These he had taken possession of, claiming them’ as his own, as next of kin and distributee of his son ; but no administration had at that tim-e'been taken. Since the death of the father, administration of the son’s effects has been granted to the defendant. The question made is, whether the hogs, belonging to the son’s estate, pass by the bequest in the sixth clause ? We think -this is a plain matter. It was •obviously the intention of the testator to give to his wife all the hogs of which he was in possession, and to which he set up-a claim, at the time of his death ; and all, we think, will pass bj the terms’ of the will. Of course testator could only transfer such rights as he had ; and, as his right toa portion of”the hogs was subject to'such powers as an administrator might previously exercise ia relation thereto, the wife took, under the bequest, no more than a right to call on the administrator for the hogs or their value-. _ It can make no difference, it seem* to us, whether the right of the testator to the hogs was ■legal or equitable; that right, whatever it was, would ,-pass. .'
Having thus decided the rights of the respective par tie* in the matters- of controversy, we suppose they can have no difficulty in settling the estate. -
There.máy be a decree declaring their rights, and, if either party desires it, a decree for an account; costs t# be paid out of the estate.